IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Gregory B. Smith,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>Sgt. Chris Neal, T.J. Joy, Florence County Detention Center,<br><br>　　　　　Defendants. | C/A No.: 6:25-cv-03566-SAL<br><br><br>**ORDER** |

　　　　Plaintiff Gregory B. Smith, a pretrial detainee proceeding *pro se* and *in forma pauperis*, filed this action under 42 U.S.C. § 1983, alleging a violation of his constitutional rights while detained in the Florence County Detention Center. This matter is before the court on the Report and Recommendation (the "Report") issued by United States Magistrate Judge Kevin F. McDonald, made in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.). [ECF No. 23.] The magistrate judge recommends dismissal of this case with prejudice and without leave to amend because Plaintiff's complaint is deficient in several respects and because Plaintiff has failed to follow the court's order to file an amended complaint to correct these deficiencies. *Id.* Attached to the Report was a notice advising Plaintiff of the procedures and requirements for filing objections to the Report. *Id.* at 7. Plaintiff has not objected to the Report, and the time to do so has expired.[1]

---

[1] On the same day the Report was filed, the court received a letter from Plaintiff where he claimed he was being prevented from filing an amended complaint. [ECF No. 21.] Out of an abundance of caution, this court provided Plaintiff 30 additional days to file an amended complaint or objections to the Report. [ECF No. 26.] The court provided a blank complaint form to Plaintiff at that same time. *See* ECF No. 27. It has been over three months since the court extended that deadline, and no further communication has been received from Plaintiff.

1

The magistrate judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The court is charged with making a *de novo* determination of only those portions of the Report that have been specifically objected to, and the court may accept, reject, or modify the Report in whole or in part. 28 U.S.C. § 636(b)(1). In the absence of objections, the court need not provide an explanation for adopting the Report and must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (citing Fed. R. Civ. P. 72 advisory committee's note).

The court has not received any objections from Plaintiff since the Report was filed. Thus, this court may review the Report for clear error. Even under de novo review, the court agrees with the magistrate judge's summary dismissal recommendation. The Detention Center should be dismissed from the action because it is not a proper defendant under § 1983. *See* ECF No. 23 at 3. Plaintiff has not alleged sufficient facts to show a First Amendment violation. *See id.* at 4. Plaintiff has not alleged a causal link between Defendant Joy and injuries suffered; in fact, Plaintiff has not alleged any specific injuries. *See id.* at 5. While Plaintiff has been given opportunities to correct deficiencies in his pleading and an extended deadline to file objections, he has not done so. This court is constrained to summarily dismiss the case. But the court will modify the recommended disposition and dismiss this case without prejudice.

3

Finding no clear error in the Report, ECF No. 23, it is adopted and incorporated. For the reasons above and in the Report, this case must be summarily dismissed. Accordingly, this case is **DISMISSED WITHOUT PREJUDICE, WITHOUT FURTHER LEAVE TO AMEND, AND WITHOUT ISSUANCE AND SERVICE OF PROCESS.**

**IT IS SO ORDERED.**

February 5, 2026
Columbia, South Carolina

Sherri A. Lydon
United States District Judge